NOT DESIGNATED FOR PUBLICATION

No. 119,157

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LINDA SUE LULL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed June 28, 2019. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kevin M. Hill*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: The Brown County District Court revoked Defendant Linda Lull's probation and ordered her to serve her prison sentence without having imposed any intermediate sanctions. On appeal, Lull contends the district court erred because it made insufficiently specific findings that an intermediate sanction would jeopardize public safety interests or would fail to serve her welfare. But the district court also relied on a separate exception permitting revocation without intermediate sanctions when a defendant receives a dispositional departure sentence to probation—a point Lull tacitly

1

concedes. That ground alone is sufficient to support the district court's decision, so we affirm.

Following a bench trial, the district court convicted Lull of possession of methamphetamine, a felony; possession of marijuana, a misdemeanor; and possession of drug paraphernalia, also a misdemeanor. Because of Lull's past drug convictions, the methamphetamine charge called for a presumptive term of incarceration rather than probation. Lull was sentenced on July 24, 2017. At that time, the district court granted Lull's request for a dispositional departure from presumptive prison to probation. The district court imposed a controlling sentence of 44 months, combining consecutive terms of incarceration for the 3 convictions, and placed Lull on probation for 12 months. At the sentencing hearing, the district court warned Lull that because she had received a departure to probation from a presumptive prison sentence, she could be ordered to serve that sentence upon any violation of her probation conditions. The district court also suggested it would not hesitate to "just send you to the penitentiary" for a probation violation.

Lull didn't fare well on probation. She tested positive for methamphetamine and admitted using the drug. At a later drug test, she was caught trying to substitute a urine sample for her own. After receiving an affidavit outlining the alleged violations, the district held a hearing on December 18, 2017, at which Lull stipulated to the violations. The district court found it did not need to consider any intermediate sanctions for the violations and could revoke Lull's probation and send her to prison, just as it warned her. See K.S.A. 2018 Supp. 22-3716(c) (outlining scheme of intermediate sanctions for probation violations and exceptions to those sanctions). In its bench ruling, the district court cited public safety, Lull's welfare, and her failure on a dispositional departure to probation as grounds for doing so. See K.S.A. 2018 Supp. 22-3716(c)(9)(A), (c)(9)(B). The district court briefly outlined the reasons for its decision to revoke. Pertinent to our disposition of the appeal, the district court noted it had the choice at the sentencing

2

hearing to send Lull to prison, consistent with the presumptive statutory punishment, or to grant her a departure to probation and opted for leniency. As the district court explained: "I gave you that chance. You have not used it. You've abused it[.]"

The district court bypassed the intermediate statutory sanctions—lesser periods of incarceration—and ordered Lull to serve her prison sentence. Lull has appealed.

Before turning to Lull's specific arguments on appeal, we set out several legal principles. A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Here, Lull stipulated to the violations, obviating the State's duty to prove them by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a violation has been established, the decision to continue the probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Lull carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As we have indicated, K.S.A. 2018 Supp. 22-3716(c) imposes graduated sanctions for probation violations typically culminating in revocation only after a defendant has committed repeated violations. The statute, however, includes an exception if the district court finds and "sets forth with particularity" that public safety "will be jeopardized" or the offender's "welfare . . . will not be served" by an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(A). The Kansas Supreme Court has held that a district court must

articulate detailed, case specific reasons to satisfy the particularity requirement of that subsection. *State v. Clapp*, 308 Kan. 976, Syl. ¶¶ 3, 4, 425 P.3d 605 (2018). On appeal, Lull says the district court's findings were too terse and generic and, therefore, fail to support dispensing with some intermediate sanction. We aren't necessarily persuaded, since the district court wove some particularized details about Lull and her circumstances into its comparatively brief comments. But we needn't decide the appeal on that basis.

As of July 1, 2017, the statutory scheme contained an independent ground for bypassing intermediate sanctions when the district court grants a downward dispositional departure to probation to a defendant otherwise subject to a presumptive prison sentence. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Because Lull was sentenced and accepted the terms and conditions of her probation after July 1, 2017, that exception to graduated sanctions applied to her, as the district court informed her. See *State v. Liby*, No. 118,834, 2018 WL 6423998, at *2 (Kan. App. 2018) (unpublished opinion) (Atcheson, J., concurring), *petition for rev. filed* January 2, 2019. The district court, therefore, had sufficient factual and legal bases to revoke Lull's probation and to order her to prison under K.S.A. 2018 Supp. 22-3716(c)(9)(B). The State pointed out as much in its appellate brief—an argument to which Lull offered no reply. The district court's decision was factually and legally proper.

Affirmed.

4